WILLIAM PRALL ET AL. v. ABRAHAM S. SMITH AND WIFE.

1. When a conveyance of lands is made to a married woman, the husband becomes seized of the lands for the term of the joint lives of himself and his wife; and in case they have children, and he survives the wife, he is seized during his own life as tenant by the curtesy.

2. Independently of the act of 1852, relating to married women, he had the power of alienation and could convey his estate for the payment of his debts.

3. The act of 1852 did not affect the estate of the husband in the lands, but only the estate of the wife, which was not a present estate, but one subject to the estate of the husband; her estate was what remained after the husband's death, and was protected by the statute, so far as it was not liable for the debts of the husband theretofore contracted by any legal lien.

In ejectment. On verdict for plaintiff and case certified.

The defendants were in possession of a tract of land which had been conveyed to the wife after the marriage. Subsequently the husband applied for the benefit of the insolvent laws as an insolvent debtor, and assigned all his estate and interest in the land to an assignee, duly appointed by the proper court, who afterwards, in 1863, conveyed the same to the plaintiffs.

Suit was brought to recover the possession. A verdict was taken for the plaintiffs, subject to the opinion of this court on a case certified, setting out the foregoing facts.

For the plaintiff, *D. A. Depue.*

For the defendant, *J. G. Shipman.*

The opinion of court was delivered by

VREDENBURGH, J.   Smith was married to his wife Sarah, on the 8th of January, 1840, by whom he has had six children, who are still living.   The lands in question were conveyed to Mrs. Smith by one Henry Albert, on the 23d of July, 1847.   On the 20th of November, 1862, Smith assigned the land in question upon an application for the benefit of the insolvent laws, to one Kern, who, on the 16th of March, 1863, conveyed the same to the plaintiffs.

In April, 1866, a verdict was taken for the plaintiffs, subject to the opinion of the court upon the following points, which have been certified to us.

*First.* Whether the said Abraham Smith, at the time of his arrest or at the time of the assignment, had such an estate that he could assign the same, so that the assignee could convey the same to pay debts.

*Second.* Whether the act, approved March 25th, 1852, for the better securing the property of married women, operates to divest any estate of the husband in the lands at the time of the passage of the act so that the same could not be made liable for his debts.

*Third.* Whether the said act, if it divests the estate of the husband, is not unconstitutional.

In order to answer these questions it is necessary, in the first place, to determine what estate, if any, the husband had in these lands at the time of the passage of the said act of 1852.   He was married in 1840 and had children.   The land was conveyed to his wife in 1847.   He assigned for the benefit of creditors in 1862.

I do not imagine that anything can be better settled than that, upon the conveyance to the wife, the husband, *ipso facto,* by virtue of the marriage relation, became seized of the land for the term of the joint lives of husband and wife, and in case of children, if he survived her, during his own life as tenant by the curtesy.

During their joint lives, independently of the said act of 1852 relating to married women, could he convey his interest

to pay his own debts? The right of alienation necessarily is attached to every estate and belongs to every one unless he is laboring under some personal disability, as non-age, coverture, insanity, &c.

How far is this matter affected by the act of 1852? *Nix. Dig.* 503, § 2.* This provides that the real and personal property and the rents, issues, and profits thereof, of any female now married, shall not be subject to the disposal of her husband, but shall be her sole and separate property, as if she were a single female, except so far as the same may be liable for the debts of her husband heretofore contracted by any legal lien.

But it will be observed that this statute does not profess to affect the estate of the husband in the lands, but only the estate of the wife. The estate of the wife in the lands was not a present estate, but one subject to the estate of the husband, conveyed to him by the ceremony of marriage. Her estate was what remained after his death, and that was by the statute in terms protected; and that was only so far protected as it was not liable for the debts of the husband theretofore contracted by any legal lien.

Such has, I believe, been the uniform course of decisions in this state at the circuits as well as at the bar. 1 *Dutcher* 302;† 3 *Dutcher* 219.‡

As the act of 1852 does not profess to affect any estate of the husband in the land, it is not necessary to decide the question of its constitutionality.

The circuit should be advised to enter judgment on the verdict.

CITED in *Dayton* v. *Dusenbury*, 10 *C. E. Green* 111.

* *Rev.*, p. 637, § 2.   † *Executor of Henry* ads. *Diley.*   ‡ *Van Note* v. *Downey*